# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| MATTHEW HIGGINS,<br><br>*Plaintiff,*<br><br>vs.<br><br>ROAD STAR CARRIER, INC. D/B/A ROAD STAR TRUCKING AND MIROSLAW SKOCZYLA<br><br>*Defendants.* | CIVIL ACTION<br>NO. _____ |

*REMOVED FROM*

CAUSE NO. DC-16-05944

| | |
|---|---|
| MATTHEW HIGGINS,<br><br>*Plaintiff,*<br><br>vs.<br><br>ROAD STAR CARRIER, INC. D/B/A ROAD STAR TRUCKING AND MIROSLAW SKOCZYLA<br><br>*Defendants.* | DALLAS COUNTY, TEXAS |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant ROAD STAR CARRIER, INC. D/B/A ROAD STAR TRUCKING ("Defendant") files this Notice of Removal to remove this civil action from the 191st District Court, Dallas County, Texas, where it was filed as Cause

No. DC-16-05944, to the United States District Court for the Northern District of Texas. In support of this Notice of Removal, Defendant would respectfully show the Court as follows:

1.      Plaintiff Matthew Higgins ("Plaintiff") filed Plaintiff's Original Petition on or about May 23, 2016, in the 191st District Court, Dallas County, Texas, originally styled as *Matthew Higgins vs. Road Star Carrier, Inc. d/b/a Road Star Trucking*, Cause Number DC-16-05944.  As agent for service of process of Defendant, the Texas Department of Transportation was served on June 8, 2016[1] with the citation and petition.  This Notice of Removal is timely filed within thirty (30) days of service of process on Defendant and less than a year since the action was commenced pursuant to 28 U.S.C. section 1446(b).

2.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441, as this is a civil action between citizens of different states, wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.      Plaintiff's Original Petition asserts a cause of action for negligence against Defendant relating to injuries he allegedly suffered.  Plaintiff alleges that Defendant is liable for the negligence of its employee, Defendant Skoczylas, under the theory of *respondeat superior* and further negligent in: allowing Defendant Skoczylas to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver; retaining Defendant Skoczylas to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver; entrusting a vehicle to Defendant Skoczylas even though it knew or should have known he was a reckless or incompetent driver; failing to properly train Defendant Skoczylas in the safe operation of a motor vehicle; failing to properly supervise Defendant

---

[1] While the letter from the Texas Department of Transportation indicates it was served on June 9, 2016, there are conflicting date stamps on the document indicating it may have been served on the June 8, 2016.  In the abundance of caution, Defendant is using the earlier date in calculating its removal deadline.

Skoczylas in the safe operation of a motor vehicle; failing to establish and enforce safety rules and regulations; failing to properly educate, instruct, and supervise the performance of Defendant Skoczylas duties; failing to adequately train, educate, or provide instructions and orders to Defendant Skoczylas; failing to provide proper safety manuals and instructions to employees responsible for safety; and failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment.

4. The controversy between Plaintiff and Defendants is a controversy between citizens of different states:

    a. Plaintiff Matthew Higgins is an individual who is citizen of the State of Texas.

    b. Defendant Road Star Carrier, Inc. d/b/a Road Star Trucking is Canadian corporation with its principal place of business in Ontario, Canada.

    c. Defendant Miroslaw Skoczylas is an individual who is citizen of Ontario, Canada.

5. Upon information and belief, and pursuant to Section II of Plaintiff's Original Petition, Plaintiff seeks to recover monetary damages in excess of $200,000.00.

6. In accordance with 28 U.S.C. section 1446(a), copies of all process, pleadings, orders filed in the state court action as of this date, and a copy of the state court's docket sheet are contained in the Index of Documents, which is attached hereto and filed contemporaneously with this Notice of Removal as Exhibit "A".

7. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441, as this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Accordingly, the requisites of 28 U.S.C. section 1441 have been satisfied.

**DEFENDANT'S NOTICE OF REMOVAL – FEDERAL**   Page 3
245614v.1

8. Defendant Miroslaw Skoczylas consents to removal of this action from the 191st District Court, Dallas County, Texas, where it was filed as Cause No. DC-16-05944, to the United States District Court for the Northern District of Texas. The Notice of Consent is attached hereto and filed contemporaneously with this Notice of Removal as Exhibit "B".

9. The removal of this matter from State to Federal court is proper under 28 U.S.C. section 1446 where the initial pleading sets forth the claim for relief upon which the action is based.

10. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending as required by 28 U.S.C. § 1446 (d).

11. By removing this action to this Court, Defendant does not waive any defense available to it.

WHEREFORE, Defendant requests that this action now pending against it before the 191st District Court, Dallas County, Texas, be removed to the United States District Court, Northern District of Texas, Dallas Division, as it is an action properly removable thereto, and that Defendant shall receive all other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: /s/ Michael S. Beckelman
Michael S. Beckelman
State Bar No. 24042401
909 Fannin Street, Suite 3300
Houston, Texas 77010
Telephone: (713) 353-2000
Facsimile: (713) 785-7780
Michael.Beckelman@wilsonelser.com

Allison J. Maynard
State Bar No. 24055923
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Facsimile: (214) 698-1101
allison.maynard@wilsonelser.com

**ATTORNEYS FOR DEFENDANT ROAD STAR CARRIER, INC. D/B/A ROAD STAR TRUCKING**

## CERTIFICATE OF SERVICE

 This is to certify that a true and correct copy of the foregoing was served on the following counsel of record via certified mail, return receipt requested on July 7, 2016.

Frank W. Robertson
Michael Gomez
Jim Adler & Associates
12605 East Freeway, Suite 400
Houston, Texas 77015
*Attorneys for Plaintiff*

                <u>/s/ Michael S. Beckelman</u>
                Michael S. Beckelman