# DOCUMENTS FOR NOTICE OF REMOVAL

FILED
DALLAS COUNTY
5/17/2016 2:45:15 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

DC-16-05944

CAUSE NO. _____

| | | |
|---|---|---|
| MATTHEW HIGGINS | § | IN   THE   DISTRICT   COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| ROAD STAR CARRIER, INC. d/b/a | § | |
| ROAD STAR TRUCKING and | § | |
| MIROSLAW SKOCZYLAS | § | |
| | § | |
| *Defendants.* | § | J-191ST |
| | | _____ JUDICIAL  DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE

COMES NOW, MATTHEW HIGGINS, Plaintiff in the above-styled and numbered cause of action complaining of Defendants ROAD STAR CARRIER, INC. d/b/a ROAD STAR TRUCKING and MIROSLAW SKOCZYLAS and in support thereof would show unto this Honorable Court the following:

### I.  DISCOVERY CONTROL PLAN

1.1     Pursuant to Texas Rule of Civil Procedure 190.1 and 190.4 of the Texas Rules of Civil Procedure, discovery is intended in this lawsuit to be conducted under Level 3.

### II.  CLAIM FOR RELIEF

2.1     Plaintiff seeks monetary relief over $200,000 but no more than $1,000,000.00.

### III. PARTIES

3.1     Matthew Higgins ("Plaintiff Higgins") is a resident of Dallas County, Texas.

3.2     Road Star Carrier, Inc. d/b/a Road Star Trucking ("Defendant Road Star") is a foreign limited liability company authorized to do business in the State of Texas. This action

EXHIBIT 1

arises out of a wreck involving a truck driver who was driving on behalf of Defendant Road Star, a motor carrier with its principal office in Canada; therefore, service upon Defendant Road Star may be made pursuant to Texas Civil Practice and Remedies Code §§ 17.061 - 17.069. Process should be served on Defendant Road Star by serving Tryon D. Lewis, Chairman of the Texas Transportation Commission, at 125 E. 11th St., Austin, Texas, 78701-2483, to be forwarded to Rob Dhanoa, 8201 Lawson Road, Milton, Ontario L9T 5E5.

3.3     Miroslaw Skoczylas ("Defendant Skoczylas"), an individual, may be served with process by serving Tryon D. Lewis, Chairman of the Texas Transportation Commission, at 125 E. 11th St., Austin, Texas, 78701-2483, to be forwarded to at his residence at 21 Jacob Dr, Whitby, Ontario L1P 1A9.

## IV. JURISDICTION and VENUE

4.1     This Court has jurisdiction in this cause since the damages to Plaintiff Higgins is within the jurisdictional limits of this Court.

4.2     All or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.  Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code.  Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Gonzales County.

4.3     All conditions precedent have occurred.

4.4     Nothing Plaintiff Higgins did, caused or contributed to this occurrence.

## V. FACTS

5.1     On or about March 16, 2016, Defendant Skoczylas was driving westbound on IH 30, in Dallas County, Texas. Defendant Skoczylas failed to control the speed of his tractor trailer

EXHIBIT 1

and rear-ended Plaintiff Higgins' vehicle. The collision caused Plaintiff Higgins to collide with a vehicle driven by non-party Kerrie Winn, then causing non-party Kerrie Winn to collide with the vehicle of non-party William Alexander Glover. Defendant Skoczylas was operating a tractor trailer in the course and scope of his employment with Defendant Road Star. The collision occurred with tremendous force, proximately causing Plaintiff Higgins to suffer severe, excruciating, and painful personal injuries.

5.2     Defendant Road Star is a motor carrier that is regulated by the US Department of Transportation and is subject to the Federal Motor Carrier Safety Regulations.  Defendant Road Star's US DOT number is 1094105.

## VI.  NEGLIGENCE OF DEFENDANT ROAD STAR

6.1     At all times relevant hereto, Defendant Road Star was the owner of the tractor and trailer operated and hauled by Defendant Skoczylas.  Further, pursuant to the Federal Motor Carrier Safety Administration Regulations, Defendant Skoczylas was considered a statutory employee of Defendant Road Star since he was operating an 18-wheeler for the benefit of Defendant Road Star.  Additionally, Defendant Skoczylas was operating the 18-wheeler under Defendant Road Star's operating authority and under Defendant Road Star's DOT number 1094105.  Accordingly, Defendant Road Star is liable for the negligence of its statutory employee Defendant Skoczylas under the theory of *respondeat superior*.

6.2     The independent conduct of Defendant Road Star constitutes negligence as that term is known in law.  Such negligent acts or omission include, but are not limited to the following:

  a.     allowing Defendant Skoczylas to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

3

EXHIBIT 1

    b.       retaining Defendant Skoczylas to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

    c.       entrusting a vehicle to Defendant Skoczylas even though it knew or should have known he was a reckless or incompetent driver;

    d.       failing to properly train Defendant Skoczylas in the safe operation of a motor vehicle;

    e.       failing to properly supervise Defendant Skoczylas's driving activities;

    f.       failing to establish and enforce safety rules and regulations;

    g.       failing to properly educate, instruct, and supervise the performance of Defendant Skoczylas duties;

    h.       failing to adequately train, educate, or provide instructions and orders to Defendant Skoczylas;

    i.       failing to provide proper safety manuals and instructions to employees responsible for safety; and

    j.       failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment.

One, some, or all of the foregoing acts and/or omissions on the part of Defendant Road Star constituted negligence and such negligence was a proximate cause of the occurrence of Plaintiff Higgins' injuries and damages.

## VII.  NEGLIGENCE OF DEFENDANT SKOCZYLAS

7.1     The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Skoczylas.  The conduct of Defendant Skoczylas constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff Higgins made the basis of this suit.  Defendant Skoczylas' negligent actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

4

EXHIBIT 1

    a.      failing to control the operation of his vehicle;

    b.      failing to avoid the incident in question;

    c.      failing to keep a proper look out;

    d.      failing to apply the brakes properly and/or timely in violation of Texas Transportation Code §547.408)(a)(3);

    e.      failing to operate his vehicle in a safe manner;

    f.      failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance; and/or

    g.      other acts of negligence and negligence per se.

One, some, or all of the foregoing acts and/or omissions on the part of Defendant Skoczylas constituted negligence and such negligence was a proximate cause of the occurrence of Plaintiff Higgins' injuries and damages.

## VIII.  DAMAGES

8.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff Higgins sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

8.2    Plaintiff Higgins respectfully requests that the trier of fact determine the amount of his damages and  losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.      past and future physical pain and suffering and mental anguish;

    b.      past and future disfigurement;

    c.      past and future physical impairment;

    d.      past and future medical care expenses;

EXHIBIT 1

      e.      past and future loss of earning capacity;

      f.      past and future household services;

      g.      past and future out-of-pocket economic losses.

8.3     Because of all of the above and foregoing, Plaintiff Higgins has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff Higgins now brings suit.

8.4     Plaintiff Higgins seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## IX.  JURY DEMAND

9.1     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff Higgins respectfully requests and demands a trial by jury.  The appropriate jury fee is tendered with the filing of this pleading.

## X.  REQUESTS FOR DISCLOSURE

10.1     Pursuant to Rule 194, request is made that Defendants disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l).  Defendants must serve a written response to this Requests for Disclosure on Plaintiff Higgins within fifty (50) days after the service of this request.  Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## XI.  CERTIFICATE OF WRITTEN DISCOVERY

11.1     Plaintiff Higgins has served contemporaneously with this petition Requests for Disclosure to Defendants.

EXHIBIT 1

## XII. RULE 193.7 NOTICE

12.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff Higgins hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Higgins prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff Higgins recovers damages in accordance with the evidence, that Plaintiff Higgins recovers costs of court herein expended, that Plaintiff Higgins recovers interest to which Plaintiff Higgins is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff Higgins may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

*/s/ Frank W. Robertson*
**FRANK W. ROBERTSON**
State Bar No. 24033129
frobertson@jimadler.com
**MICHAEL GOMEZ**
State Bar No. 24029578
mgomez@jimadler.com
Bank of America
12605 East Freeway, Suite 400
Houston, Texas  77015
Telephone:     (713) 335-1032
Facsimile:     (713) 335-1018
**ATTORNEYS FOR PLAINTIFF**

EXHIBIT 1

# CIVIL PROCESS REQUEST FORM

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition _____

**FILE DATE OF MOTION:** _____
    Month/    Day/    Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME: Road Star Carrier, Inc. d/b/a Road Star Trucking _____

    ADDRESS: 8201 Lawson Road, Milton, Ontario L9T 5E5 _____

    AGENT, (*if applicable*): Rob Dhanoa _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): citation _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____    Phone: _____
- ☐ **MAIL**                     ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:  ☐ **COURTHOUSE DOOR, or**
                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____

X     **OTHER,** *explain* **Please mail to Jim S. Adler & Assoc., 12605 East Freewy, Ste. 400, Houston, Texas 77015**

*********************************************************************************************

2.  NAME: Miroslaw Skoczylas _____

    ADDRESS: 21 Jacob Dr, Whitby, Ontario L1P 1A9 _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): citation _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____
    Phone: _____                  ☐
- **MAIL**                        ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:  ☐ **COURTHOUSE DOOR, or**
                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____

X     **OTHER,** *explain* **Please mail to Jim S. Adler & Assoc., 12605 East Freewy, Ste. 400, Houston, Texas 77015**

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Frank W. Robertson _____    TEXAS BAR NO./ID NO. 24033129 _____

MAILING ADDRESS: 12605 East Freeway, Suite 400, Houston, Texas 77015 _____

PHONE NUMBER: 713 _____ 335-1032 _____    FAX NUMBER: 713 _____ 335-1018 _____
    area code    phone number                              area code    fax number

EMAIL ADDRESS: frobertson@jimadler.com _____                    EXHIBIT 2

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____   **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** MATTHEW HIGGINS V. ROAD STAR CARRIER, INC. D/B/A ROAD STAR TRUCKING AND MIROSLAW SKOCZYLAS

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Frank W. Robertson<br><br>Address:<br><br>12605 E. Fwy #400<br><br>City/State/Zip:<br><br>Houston, Texas 77015<br><br>Signature: | Email:<br><br>frobertson@jimadler.com<br><br>Telephone:<br><br>713-335-1032<br><br>Fax:<br><br>713-335-1018<br><br>State Bar No:<br><br>24033129 | Plaintiff(s)/Petitioner(s):<br><br>Matthew Higgins<br><br>____<br><br>____<br><br>Defendant(s)/Respondent(s):<br><br>Roas Star Carrier, Inc.<br>d/b/a Roas Star Trucking<br>Miroslaw Skoczylas<br><br>____<br><br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>____<br><br>Non-Custodial Parent:<br><br>____<br><br>Presumed Father:<br><br>____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability: _____<br><br>☒Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability List Product:<br><br>☐Other Injury or Damage:<br>____ | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br><br>**Other Family Law**<br>☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: _____ | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br><br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child:<br>____ |

| Employment | Other Civil | | | |
|---|---|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☒Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

EXHIBIT 3

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

EXHIBIT 3

FILED
DALLAS COUNTY
5/17/2016 2:45:15 PM
FELICIA PITRE
DISTRICT CLERK

FELICIA PITRE

DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-16-05944

MATTHEW HIGGINS

vs.

ROAD STAR CARRIER INC DBA ROAD STAR TRUCKING, et al

191st District Court

## <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: MATTHEW HIGGINS

FEE PAID: $40.00

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

EXHIBIT 4

FORM NO. 353-4—CITATION

~~THE STATE OF TEXAS~~

**CITATION**

To:    **ROAD STAR CARRIER INC D/B/A ROAD STAR TRUCKING**
**BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY AND**
**PUBLIC TRANSPIRATION COMMISSION**
**125 E 11TH STREET**
**AUSTIN, TX 78701-2483**

| No.: DC-16-05944 |
| --- |

**MATTHEW HIGGINS**
**VS.**
**ROAD STAR CARRIER INC DBA ROAD**
**STAR TRUCKING, ET AL**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with    the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and  petition, a default judgment may be taken against you.
   Your answer should be addressed to the clerk of the **191st District Court**
at 600 Commerce Street, Dallas, Texas 75202.

ISSUED
**ON THIS THE 23RD DAY OF MAY, 2016**

Said **PLAINTIFF** being **MATTHEW HIGGINS**

Filed in said Court 17th day of May, 2016 against
**ROAD STAR CARRIER, INC. d/b/a ROAD STAR TRUCKING and MIROSLAW SKOCZYLAS**

For suit, said suit being numbered  **DC-16-05944** the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation
is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
   Given under my hand and the Seal of said Court at office **on this the 23rd day of May, 2016**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas
By _____, Deputy
      **ARIEANA BAHENA**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **ARIEANA BAHENA**, Deputy

Attorney for : Plaintiff
**FRANK W ROBERTSON**
**JIM S ADLER & ASSOCIATES**
**12605 EAST FREEWAY**
**SUITE 400**
**HOUSTON TX  77015**
**713-335-1032**

DALLAS COUNTY CONSTABLE
FEES
PAID
FEES NOT
PAID

EXHIBIT 5

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-16-05944

Court No: 191st District Court

Style: MATTHEW HIGGINS
vs.
ROAD STAR CARRIER INC DBA ROAD STAR TRUCKING, et al

Received this Citation the _____ day of _____, 20____ at _____ o'clock.  Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____
President - Vice President - Registered Agent - in person, of the said

_____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:        To certify which witness by my hand.

For Serving Citation    $_____        Sheriff_____
For Mileage              $_____        County of_____
For Notary              $_____        State of_____
        Total Fees      $_____        By_____

(Must be verified if served outside the State of Texas)
State of_____
County of_____
        Signed and sworn to me by the said_____ before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

Seal

State & County of

EXHIBIT 5

FORM NO. 353-4—CITATION

~~THE STATE OF TEXAS~~

**To:**   **MIROSLAW SKOCZYLAS**
**BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY AND**
**PUBLIC TRANSPIRATION COMMISSION**
**125 E 11TH STREET**
**AUSTIN, TX 78701-2483**

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with   the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and  petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **191st District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **MATTHEW HIGGINS**

Filed in said Court 17th day of May, 2016 against
**ROAD STAR CARRIER, INC. d/b/a ROAD STAR TRUCKING and MIROSLAW SKOCZYLAS**

For suit, said suit being numbered   DC-16-05944  the nature of which demand is as follows:
Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation
is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 23rd day of May, 2016**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____ Deputy
        **ARIEANA BAHENA**

**MAIL ATTY (COH)**

**CITATION**

| No.: **DC-16-05944** |
| --- |

**MATTHEW HIGGINS**
**VS.**
**ROAD STAR CARRIER INC DBA ROAD**
**STAR TRUCKING, ET AL**

ISSUED
**ON THIS THE 23RD DAY OF MAY, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **ARIEANA BAHENA**, Deputy

Attorney for : Plaintiff
**FRANK W ROBERTSON**
**JIM S ADLER & ASSOCIATES**
**12605 EAST FREEWAY**
**SUITE 400**
**HOUSTON TX  77015**
**713-335-1032**

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID


EXHIBIT 6

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-16-05944

Court No: 191st District Court

Style: MATTHEW HIGGINS
vs.
ROAD STAR CARRIER INC DBA ROAD STAR TRUCKING, et al

Received this Citation the _____ day of _____, 20_____ at _____ o'clock.  Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock, by _____ delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20_____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____
_____ President - Vice President - Registered Agent - in person, of the said
_____
a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:        To certify which witness by my hand.

For Serving Citation        $_____        Sheriff_____
For Mileage            $_____        County of_____
For Notary            $_____        State of_____
        Total Fees    $_____        By_____

(Must be verified if served outside the State of Texas)
State of_____
County of_____
        Signed and sworn to me by the said_____before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.


            Seal                        State & County of
                                _____
                                _____

EXHIBIT 6

FORM NO. 353-4—CITATION

~~THE STATE OF TEXAS~~

To: **ROAD STAR CARRIER INC D/B/A ROAD STAR TRUCKING**
**BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY AND**
**PUBLIC TRANSPIRATION COMMISSION**
**125 E 11TH STREET**
**AUSTIN, TX 78701-2483**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and  petition, a default judgment may be taken against you.
   Your answer should be addressed to the clerk of the **191st District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **MATTHEW HIGGINS**

Filed in said Court 17th day of May, 2016 against
**ROAD STAR CARRIER, INC. d/b/a ROAD STAR TRUCKING and MIROSLAW SKOCZYLAS**

For suit, said suit being numbered   DC-16-05944  the nature of which demand is as follows:
 Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation
is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
   Given under my hand and the Seal of said Court at office **on this the 23rd day of May, 2016**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas
By_____, Deputy
            **ARIEANA BAHENA**

---

**CITATION**

| No.: DC-16-05944 |
|---|

**MATTHEW HIGGINS**
**VS.**
**ROAD STAR CARRIER INC DBA ROAD**
**STAR TRUCKING, ET AL**

ISSUED
**ON THIS THE 23RD DAY OF MAY, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **ARIEANA BAHENA**, Deputy

Attorney for : Plaintiff
**FRANK W ROBERTSON**
**JIM S ADLER & ASSOCIATES**
**12605 EAST FREEWAY**
**SUITE 400**
**HOUSTON TX  77015**
**713-335-1032**

DALLAS COUNTY CONSTABLE
FEES PAID    FEES NOT PAID

EXHIBIT 7

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-16-05944

Court No: 191st District Court

Style: MATTHEW HIGGINS
vs.
ROAD STAR CARRIER INC DBA ROAD STAR TRUCKING, et al

Received this Citation the _____day of_____, 20_____at_____o'clock.  Executed at _____, within the County of _____, State of_____, on the _____day of_____, 20_____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____day of_____, 20_____at_____o'clock ____.M. Executed at _____, within the County of _____, State of_____, on the _____day of_____, 20_____, at _____o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____
President - Vice President - Registered Agent - in person, of the said

a true copy of this citation together with the accompanying copy of Plaintiff's  original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:      To certify which witness by my hand.

For Serving Citation      $_____       Sheriff_____
For Mileage          $_____       County of_____
For Notary          $_____       State of_____
   Total Fees      $_____       By_____

(Must be verified if served outside the State of Texas)
State of_____
County of_____
   Signed and sworn to me by the said_____before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

Seal                          State & County of _____
                          _____

EXHIBIT 7



Dianne Coffey

FILED
DALLAS COUNTY
6/29/2016 3:57:43 PM
FELICIA PITRE
DISTRICT CLERK

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

**MAIL ATTY (COH)**

To:   **MIROSLAW SKOCZYLAS**
      **BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY AND**
      **PUBLIC TRANSPIRATION COMMISSION**
      **125 E 11TH STREET**
      **AUSTIN, TX 78701-2483**

**CITATION**

*AFFIDAVIT ATTACHED*

No.: **DC-16-05944**

**MATTHEW HIGGINS**
VS.
**ROAD STAR CARRIER INC DBA ROAD**
**STAR TRUCKING, ET AL**

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and  petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **191st District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **MATTHEW HIGGINS**

Filed in said Court 17th day of May, 2016 against
  **ROAD STAR CARRIER, INC. d/b/a ROAD STAR TRUCKING and MIROSLAW SKOCZYLAS**

  For suit, said suit being numbered   **DC-16-05944**  the nature of which demand is as follows:
  Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation
is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 23rd day of May, 2016**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
      **ARIEANA BAHENA**

**ISSUED**
**ON THIS THE 23RD DAY OF MAY, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **ARIEANA BAHENA**, Deputy

Attorney for : Plaintiff
**FRANK W ROBERTSON**
**JIM S ADLER & ASSOCIATES**
**12605 EAST FREEWAY**
**SUITE 400**
**HOUSTON TX  77015**
**713-335-1032**

EXHIBIT 8

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-16-05944

Court No: 191st District Court

Style: MATTHEW HIGGINS
vs.
ROAD STAR CARRIER INC DBA ROAD STAR TRUCKING, et al

Received this Citation the _____ day of _____ , 20 _____ at _____ o'clock. Executed at _____ , within the County of _____ , State of _____ , on the _____ day of _____ , 20 _____ , at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____ , 20 _____ at _____ o'clock .M. Executed at _____ , within the County of _____ , State of _____ , on the _____ day of _____ , 20 _____ , at _____ o'clock _____ .M. by summoning the within named Corporation, _____ by delivering to _____
_____ President - Vice President - Registered Agent - in person, of the said
_____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.
----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.
For Serving Citation     $ _____          Sheriff _____
For Mileage          $ _____          County of _____
For Notary          $ _____          State of _____
      Total Fees     $ _____          By _____

(Must be verified if served outside the State of Texas)
State of _____
County of _____
      Signed and sworn to me by the said _____          before me this _____
day of _____ , 20 _____ , to certify which witness my hand and seal of office.


Seal                                        State & County of

EXHIBIT 8

## RETURN OF SERVICE

### Cause No. DC-16-05944

In The 191st Judicial District Court of
Dallas County, Texas

MATTHEW HIGGINS
    Plaintiff

V.

ROAD STAR CARRIER, INC.
d/b/a ROAD STAR TRUCKING and
MIROSLAW SKOCZYLAS
    Defendant

Came to hand on June 08, 2016, at 04:00 PM.

Executed at 125 E. 11th Street, 6th Floor, Austin, TX 78701, within the County of Travis at 11:42 AM on June 09, 2016, by delivering to the within named:

### MIROSLAW SKOCZYLAS,

**by delivering to the Chair of the Texas Transportation Commission, by and through the Texas Department of Transportation's Office of General Counsel, by delivering to its designated agent, ALICIA RAMON-KANE, a true copy of this Citation together with Plaintiff's Original Petition, Jury Demand, Requests for Disclosure, and Rule 1934.7 Notice, having first endorsed upon such copy of such process the date of delivery, and tendering the $25 Statutory Fee.**

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103 and 536(a) of the TRCP to deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the above-referenced cause.

By: _____

    Jeff Keyton SCH-735,
    Exp: 7/31/2017

### VERIFICATION

STATE OF TEXAS     §
COUNTY OF TRAVIS   §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Jeff Keyton, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

    Given under my hand and seal of office this June 09, 2016.

_____
NOTARY PUBLIC, STATE OF TEXAS

16-020720/Higgins

EXHIBIT 8

FILED
DALLAS COUNTY
7/5/2016 10:47:12 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-01981-L   Document 1-5   Filed 07/07/16   Page 22 of 34   PageID 38

## CAUSE NO. DC-16-05944

| | | |
|---|---|---|
| **MATTHEW HIGGINS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **ROAD STAR CARRIER, INC. D/B/A** | § | |
| **ROAD STAR TRUCKING AND** | § | **191st JUDICIAL DISTRICT** |
| **MIROSLAW SKOCZYLA** | § | |

## DEFENDANT MIROSLAW SKOCZYLA'S ORIGINAL ANSWER

Defendant MIROSLAW SKOCZYLA ("Defendant") files this Original Answer to Plaintiff Matthew Higgins' Original Petition and would respectfully show the Court as follows:

## I
## ORIGINAL ANSWER

### A.    General Denial

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the claims and allegations in Plaintiff's Original Petition and any amendment thereto.

### B.    Affirmative Defenses

2.    Defendant would show, that the injuries and damages of the Plaintiff, if any, made the basis of this lawsuit, were solely caused by the acts or omissions of a party or parties other than Defendant and over whom it possessed no right of control, and for whom Defendant is not responsible at law.

3.    Defendant asserts that Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged damages.

4.    Defendant further and alternatively asserts that Plaintiff's injuries and damages, if any, were not caused by Defendant, but were the result of an unavoidable accident.

EXHIBIT 9

5.      Defendant further asserts that Plaintiff failed to mitigate his damages, if any, and any damages awarded should be reduced by the amount Plaintiff could reasonably have avoided.

6.      Pursuant to Tex.Civ.Prac. & Rem. Code §33.001, *et seq.*, upon submission of this case to a fact-finder, Defendant is entitled to a submission of the percentage of responsibility, if any, of Plaintiff and/or other potential parties or responsible third parties for the damages claimed.

7.      Defendant further asserts that this Defendant is or may be entitled to certain credits and/or off-sets pursuant to the common law of the State of Texas and/or Chapter 32 and/or Chapter 33 of the Texas Civil Practice & Remedies Code for any settlements by the Plaintiff.

8.      Defendant further answers that this Defendant is entitled to contribution and/or indemnity from any Plaintiff, Defendant, or third-party Defendant now or hereinafter named in this lawsuit as provided under the common law of the State of Texas and/or pursuant to Chapter 32 and/or Chapter 33 of the Texas Civil Practices & Remedies Code.

9.      Defendant further asserts that recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant TEX. CIV. PRAC. & REM CODE §41.0105.  "Incurred" has been defined as "become liable to pay."  *See; Keever v. Finlan*, 988 S.W.2d 300, 308 (Tex.App.—Dallas 1999, pet. denied); *Beasley v. Peters*, 870 S.W.2d 191, 196 (Tex.App.—Amarillo 1994, no writ); Comm. On Pattern Jury Charges, State Bar of Tex., Pattern Jury Charges – Malpractice, Premises & Products PJC 80.2 cmt. (2003).

10.      Defendant further asserts that, Pursuant to TEX. CIV. PRAC. & REM CODE §18.091(a), Plaintiff must present evidence to prove he has suffered lost earnings, loss of earning

EXHIBIT 9

capacity, or loss of contributions of a pecuniary value in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.  Defendant hereby moves the Court to instruct the jury as to whether any recovery for compensatory damages is subject to federal or state income taxes in accordance with TEX. CIV. PRAC. & REM CODE §18.091(b).

11.     Defendant further asserts that the calculation of post-judgment interest is governed by TEX. FIN. CODE §304.003(c).

12.     Defendant further asserts that pre-judgment interest is disallowed on future damages.  TEX. FIN. CODE §304.1045.

**C.     Reservation of Right to Amend**

13.     Defendant reserves the right to supplement and/or amend this Original Answer.

**II**
**EXEMPLARY DAMAGES CAP**

14.     If exemplary damages are awarded to the Plaintiff, Defendant intends to invoke the cap in the Damages Act, Texas Civil Practices and Remedies Code Chapter 41, which restrict and limits the Plaintiff's claim for exemplary damages.

**III**
**REQUEST FOR DISCLOSURE**

15.     Under the authority of Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

EXHIBIT 9

## IV

## JURY DEMAND

16.     Defendant respectfully demands a trial by jury, and tenders the appropriate fee.

## V

## NOTICE PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.7

17.     Defendant hereby invokes Rule 193.7 of the Texas Rules of Civil Procedure and gives

notice of Defendant's intent to use any and/or all documents produced in discovery by any party

to this cause as evidence in any pretrial proceedings and/or the trial of this cause.

## VI

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant MIROSLAW SKOCZYLA

requests that the Court deny Plaintiff's claims, enter judgment in Defendant's favor, that

Defendant be discharged with their costs, and for such other and further relief, both general and

special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:

Michael S. Beckelman
State Bar No. 24042401
909 Fannin Street, Suite 3300
Houston, Texas 77010
Telephone: (713) 353-2000
Facsimile: (713) 785-7780
Michael.Beckelman@wilsonelser.com

**ATTORNEY FOR DEFENDANT
MIROSLAW SKOCZYLA**

EXHIBIT 9

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing instrument was served under Rules 21 and 21a, Texas Rules of Civil Procedure, by Certified Mail, Return Receipt Requested, and/or email on July 5, 2016, upon the following:

Frank W. Robertson
Michael Gomez
Jim Adler & Associates
12605 East Freeway, Suite 400
Houston, Texas 77015
713-335-1032
713-335-1018 (fax)

_____

Michael S. Beckelman

EXHIBIT 9

FILED
DALLAS COUNTY
7/5/2016 10:48:16 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-01981-L   Document 1-5   Filed 07/07/16   Page 27 of 34   PageID 43

CAUSE NO. DC-16-05944

| | | |
|---|---|---|
| MATTHEW HIGGINS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ROAD STAR CARRIER, INC. D/B/A | § | |
| ROAD STAR TRUCKING AND | § | 191st JUDICIAL DISTRICT |
| MIROSLAW SKOCZYLA | § | |

**DEFENDANT ROAD STAR CARRIER, INC. D/B/A ROAD STAR TRUCKING'S
ORIGINAL ANSWER**

Defendant ROAD STAR CARRIER, INC. D/B/A ROAD STAR TRUCKING ("Defendant") files this Original Answer to Plaintiff Matthew Higgins' Original Petition and would respectfully show the Court as follows:

**I**

**ORIGINAL ANSWER**

**A.     General Denial**

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the claims and allegations in Plaintiff's Original Petition and any amendment thereto.

**B.     Affirmative Defenses**

2.     Defendant would show, that the injuries and damages of the Plaintiff, if any, made the basis of this lawsuit, were solely caused by the acts or omissions of a party or parties other than Defendant and over whom it possessed no right of control, and for whom Defendant is not responsible at law.

3.     Defendant asserts that Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged damages.

EXHIBIT 10

4.      Defendant further and alternatively asserts that Plaintiff's injuries and damages, if any, were not caused by Defendant, but were the result of an unavoidable accident.

5.      Defendant further asserts that Plaintiff failed to mitigate his damages, if any, and any damages awarded should be reduced by the amount Plaintiff could reasonably have avoided.

6.      Pursuant to Tex.Civ.Prac. & Rem. Code §33.001, *et seq.*, upon submission of this case to a fact-finder, Defendant is entitled to a submission of the percentage of responsibility, if any, of Plaintiff and/or other potential parties or responsible third parties for the damages claimed.

7.      Defendant further asserts that this Defendant is or may be entitled to certain credits and/or off-sets pursuant to the common law of the State of Texas and/or Chapter 32 and/or Chapter 33 of the Texas Civil Practice & Remedies Code for any settlements by the Plaintiff.

8.      Defendant further answers that this Defendant is entitled to contribution and/or indemnity from any Plaintiff, Defendant, or third-party Defendant now or hereinafter named in this lawsuit as provided under the common law of the State of Texas and/or pursuant to Chapter 32 and/or Chapter 33 of the Texas Civil Practices & Remedies Code.

9.      Defendant further asserts that recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant TEX. CIV. PRAC. & REM CODE §41.0105.  "Incurred" has been defined as "become liable to pay."  *See; Keever v. Finlan*, 988 S.W.2d 300, 308 (Tex.App.—Dallas 1999, pet. denied); *Beasley v. Peters*, 870 S.W.2d 191, 196 (Tex.App.—Amarillo 1994, no writ); Comm. On Pattern Jury Charges, State Bar of Tex., Pattern Jury Charges – Malpractice, Premises & Products PJC 80.2 cmt. (2003).

EXHIBIT 10

10. Defendant further asserts that, Pursuant to TEX. CIV. PRAC. & REM CODE §18.091(a), Plaintiff must present evidence to prove he has suffered lost earnings, loss of earning capacity, or loss of contributions of a pecuniary value in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.  Defendant hereby moves the Court to instruct the jury as to whether any recovery for compensatory damages is subject to federal or state income taxes in accordance with TEX. CIV. PRAC. & REM CODE §18.091(b).

11. Defendant further asserts that the calculation of post-judgment interest is governed by TEX. FIN. CODE §304.003(c).

12. Defendant further asserts that pre-judgment interest is disallowed on future damages.  TEX. FIN. CODE §304.1045.

**C.      Reservation of Right to Amend**

13. Defendant reserves the right to supplement and/or amend this Original Answer.

**II**

**EXEMPLARY DAMAGES CAP**

14. If exemplary damages are awarded to the Plaintiff, Defendant intends to invoke the cap in the Damages Act, Texas Civil Practices and Remedies Code Chapter 41, which restrict and limits the Plaintiff's claim for exemplary damages.

**III**

**REQUEST FOR DISCLOSURE**

15. Under the authority of Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

EXHIBIT 10

## IV

## JURY DEMAND

16.     Defendant respectfully demands a trial by jury, and tenders the appropriate fee.

## V

## NOTICE PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.7

17.     Defendant hereby invokes Rule 193.7 of the Texas Rules of Civil Procedure and gives

notice of Defendant's intent to use any and/or all documents produced in discovery by any party

to this cause as evidence in any pretrial proceedings and/or the trial of this cause.

## VI

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant ROAD STAR CARRIER, INC.

D/B/A ROAD STAR TRUCKING requests that the Court deny Plaintiff's claims, enter

judgment in Defendant's favor, that Defendant be discharged with their costs, and for such other

and further relief, both general and special, at law and in equity, to which Defendant may show

itself justly entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

By:
Michael S. Beckelman
State Bar No. 24042401
909 Fannin Street, Suite 3300
Houston, Texas 77010
Telephone: (713) 353-2000
Facsimile: (713) 785-7780
Michael.Beckelman@wilsonelser.com

**ATTORNEY FOR DEFENDANT
ROAD STAR CARRIER, INC.
D/B/A ROAD STAR TRUCKING**

EXHIBIT 10

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was served under Rules 21 and 21a, Texas Rules of Civil Procedure, by Certified Mail, Return Receipt Requested, and/or email on July 5, 2016, upon the following:

Frank W. Robertson
Michael Gomez
Jim Adler & Associates
12605 East Freeway, Suite 400
Houston, Texas 77015
713-335-1032
713-335-1018 (fax)


Michael S. Beckelman

EXHIBIT 10

FELICIA PITRE, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-16-05944

| MATTHEW HIGGINS | § | Location: | 191st District Court |
|---|---|---|---|
| vs. | § | Judicial Officer: | SLAUGHTER, GENA |
| ROAD STAR CARRIER INC DBA ROAD STAR | § | Filed on: | 05/17/2016 |
| TRUCKING, et al | § | | |

---

### CASE INFORMATION

Case Type: **MOTOR VEHICLE ACCIDENT**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | HIGGINS, MATTHEW | **ROBERTSON, FRANK W** |
| | | *Retained* |
| | | 713-335-1032(W) |
| **DEFENDANT** | ROAD STAR CARRIER INC DBA ROAD STAR TRUCKING | **BECKELMAN, MICHAEL** |
| | | *Retained* |
| | | 713-353-2000(W) |
| | SKOCZYLAS, MIROSLAW | **BECKELMAN, MICHAEL** |
| | | *Retained* |
| | | 713-353-2000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 05/17/2016 | NEW CASE FILED (OCA) - CIVIL | |
| 05/17/2016 | ORIGINAL PETITION<br>*PLAINTIFF???S ORIGINAL PETITION* | |
| 05/17/2016 | ISSUE CITATION COMM OF INS OR SOS | |
| 05/17/2016 | JURY DEMAND<br>Party: PLAINTIFF HIGGINS, MATTHEW | |
| 05/23/2016 | **CITATION SOS/COI/COH/HAG**<br>ROAD STAR CARRIER INC DBA ROAD STAR TRUCKING<br>Served: 06/09/2016<br>SKOCZYLAS, MIROSLAW<br>Served: 06/09/2016<br>*COH MAIL ATTY-AB* | |
| 06/29/2016 | RETURN OF SERVICE<br>*ROAD STAR CARRIER IN DBA ROAD STAR TRUCKING* | |
| 06/29/2016 | RETURN OF SERVICE<br>*MIROSLAW SKOCZYLAS* | |
| 07/05/2016 | ORIGINAL ANSWER - GENERAL DENIAL<br>Party: DEFENDANT SKOCZYLAS, MIROSLAW<br>*DEFENDANTS* | |
| 07/05/2016 | ORIGINAL ANSWER - GENERAL DENIAL<br>Party: DEFENDANT ROAD STAR CARRIER INC DBA ROAD STAR TRUCKING<br>*DEFENDANTS* | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|

EXHIBIT A

# CASE SUMMARY
## CASE NO. DC-16-05944

**PLAINTIFF** HIGGINS, MATTHEW

| | | |
|---|---|---|
| Total Charges | | 381.03 |
| Total Payments and Credits | | 381.03 |
| **Balance Due as of  7/6/2016** | | **0.00** |

| | | | |
|---|---|---|---|
| 05/18/2016 | Charge | PLAINTIFF HIGGINS, MATTHEW | 381.03 |
| 05/18/2016 | CREDIT CARD -  Receipt # 31300-2016-DCLK TEXFILE (DC) | PLAINTIFF HIGGINS, MATTHEW | (381.03) |

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND and SEAL of said Court, at office in Dallas, Texas, this _____ day of _____ A.D. _____ to _____ A.D. _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____        Deputy

EXHIBIT 11

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND, AND SEAL of said Court, at office
in Dallas, Texas, this ___6___ day of ___July___, A.D., __2016__,

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

EXHIBIT 11